# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) ) ) ) | CIVIL ACTION NO. MDL 875 <br> W.D.N.C. 1:04-CV-32 |
| This Document Relates to: ) ) | |
| CAROLYNE ADAMS DAY, Personal Representative of the Estate of DONALD W. LAYTON, SR., ) ) ) ) | F I L E D <br> CHARLOTTE, N. C. |
| Plaintiff, ) <br> v. ) ) | DEC 8 2006 |
| THE ANCHOR PACKING COMPANY, ) et al, including JOHN CRANE, INC. ) <br> Defendants. | U. S. DISTRICT COURT <br> W. DIST. OF N. C. |

## ORDER OF DISMISSAL

AND NOW, this 27th day of October, 2006, pursuant to MDL 875 Pretrial Order No. 3, Section 3.I.C., upon consideration of the request for dismissal of defendant John Crane, Inc., all counsel of record having been served with its letter motion requesting dismissal by agreement, and there being no opposition to the entry of this Order;

IT IS HEREBY ORDERED that the request for dismissal is granted with prejudice as to the claims of the Carolyne Adams Day, Personal Representative of the Estate of Donald W. Layton, Sr., and without prejudice as to all crossclaims against defendant John Crane, Inc. for the following reason:

    _____ 1.    Movant did not come into existence until after plaintiff's alleged asbestos exposure.

___ 2. Movant never manufactured, distributed, sold or otherwise supplied any asbestos-containing product prior to or at the time of plaintiff's alleged exposure.

___ 3. Movant never manufactured, distributed, sold or otherwise supplied any asbestos-containing product to plaintiff's employer or performed any work involving asbestos at plaintiff's place(s) or employment.

_X_ 4. The absence of evidence of exposure to Movant's asbestos-containing products;

___ 5. Other grounds.

SO ORDERED:

_____
HONORABLE JAMES T. GILES, U.S.D.J.
10/27/2006

J.

**RECEIVED**
In This Office

DEC 0 6 2006

CLERK, U.S. DISTRICT COURT
GREENSBORO, N.C.
12:20 pm